# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **UNITED BENEFITS, LLC,** )  )  **Plaintiff,** )  )  v. )   **Case No. 3:24-cv-1517-LCB**  )  **ANTHONY CAPUTO**, *et al.*, )  )  **Defendants.** ) | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff United Benefits' motion for a temporary restraining order and preliminary injunction, Doc. 34. Because the Court finds that United Benefits seeks to enjoin conduct it agreed to, the Court will deny its request for injunctive relief.

**I.      Introduction**

United Benefits is an Alabama company that sells insurance benefits to federal employees, while Defendants Caputo and Guenther are New Jersey residents who formed Grantvest, a New Jersey corporation. United Benefits hired the individual defendants "to develop relationships with and sell benefits programs to federal employees." Doc. 1 at 4. The partnership went smoothly for several years, including the signing of a new agreement in March 2023. *Id.* at 5.

1

In October 2024, however, United Benefits terminated Caputo and Guenther, and sued Defendants in November 2024, alleging that Caputo and Guenther breached the non-solicitation and non-compete provisions of the parties' agreement and breached their fiduciary duties to United Benefits, and that Caputo, Guenther, and Grantvest were unjustly enriched as a result. *Id.* at 11-14. The Complaint further alleges that the Defendants violated the Alabama Trade Secrets Act and the Defend Trade Secrets Act, *id.* at 15-17, and contains a fraudulent concealment claim against Caputo and Guenther and a claim for "Intentional Interference with Business and Contractual Relations" against Grantvest. *Id.* at 17-20. The Defendants moved to dismiss in January 2025, Docs. 9 and 10, and filed a counterclaim on May 29, 2025, Doc. 31.

On July 28, United Benefits moved for a temporary restraining order and preliminary injunction, seeking an order that would "prohibit[] Defendants Anthony Caputo and Gregory Guenther from soliciting United Benefits customers or otherwise interfering with United Benefits's customer relationships." Doc. 34 at 1.

In support of its motion, United Benefits claimed that "within the past few weeks, Caputo and Guenther have solicited [at least] 46 United Benefits customers and caused them to remove[] Matt Whitten," President of United Benefits, "as an 'agent of record' from various insurance policies, annuities, or other related

products." *Id.* at 1-2. United Benefits further claims that the alleged solicitation "is a direct breach of Caputo and Guenther's non-solicitation agreements, and United Benefits stands to lose customer relationships and goodwill as a result." *Id.* at 2. The Court held a hearing on United Benefits' request for injunctive relief on August 6, 2025, and the parties submitted supplemental briefing the following week. Docs. 45, 46.

**II.     Analysis**

United Benefits' request for injunctive relief is easily resolved. Despite its claim that Caputo and Guenther are breaching a valid non-solicitation agreement, and that this breach "is inflicting . . . irreparable harm," Doc. 34 at 12, that cannot overcome Guenther's uncontroverted testimony that United Benefits *agreed* to remove Whitten as the agent of record from certain policies.

At the hearing, Guenther testified that he and Caputo "had a very detailed conversation with two representatives of United Benefits" to resolve "who [would] service and handle" clients for whom Grantvest provided "comprehensive" financial planning beyond the insurance products offered by United Benefits. Doc. 44 at 154-55. The result of that conversation, according to Guenther, was that the parties "settled on" an agreement that Caputo and Guenther would serve as agent of record for "[a]ny of the clients that [Grantvest] provided comprehensive planning for," in part because it would be a "breach of privacy" to maintain

3

Whitten as agent of record given the dissolution of the relationship between Defendants and United Benefits. *Id.* at 155.

Guenther also testified that the parties agreed United Benefits would "take the lead" on clients "to whom [Defendants] did not provide[ comprehensive] financial planning advice," *id.*, and that United Benefits was "perfectly comfortable with" this arrangement at the time. *Id.* at 157. Guenther's testimony is uncontradicted.

Finally, United Benefits has presented no credible evidence of harm from Defendants' actions. Pressed for evidence that Defendants were soliciting United Benefits customers, the company's representative could only offer that such evidence "would come out in the bigger case," and he "kn[e]w what [Defendants] have been doing." *Id.* at 78. United Benefits' representative also confirmed that he was not "able to identify a single vision plan, health plan, dental plan, fixed annuity, [or] cancer plan" sold by Defendant in direct competition with United Benefits. *Id.* at 78-79. And United Benefits' representative further confirmed that Whitten "was not removed from any other role" besides agent of record, and that his removal had no effect on commissions. *Id.* at 88-89. Such speculative evidence does not support a request for injunctive relief.

4

## III.  Conclusion

For these reasons, the Court finds that United Benefits is not entitled to relief from conduct it consented to, and the motion for injunctive relief is DENIED. Doc. 34.

**DONE** and **ORDERED** this August 26, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE