FILED
2025 Sep-24 PM 04:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **UNITED BENEFITS, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 3:24-CV-01517-LCB |
| **ANTHONY CAPUTO, GREGORY** | ) |
| **GUENTHER, and GRANTVEST** | ) |
| **FINANCIAL GROUP, LLC,** | ) |
| | ) |
| **Defendants.** | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Anthony Caputo ("Caputo"), Gregory Guenther ("Guenther"), and GRANTvest Financial Group, LLC ("GRANTvest") (collectively, "Defendants") answer the Complaint of Plaintiff United Benefits, LLC ("United Benefits" or "Plaintiff") as follows:

## PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

56342470 v2

6. Admitted.

## JURISDICTION AND VENUE

7. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants do not contest this Court's subject matter jurisdiction.

8. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants do not contest the parties' citizenships.

9. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants do not contest the amount in controversy.

10. Denied.

11. Defendants state that the Agreement speaks for itself.

12. Defendants state that the Agreement speaks for itself. To the extent a further response is required, Defendants do not contest this Court's jurisdiction over Caputo and Guenther.

13. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants do not contest venue.

14. Denied.

15. Denied.

16. Denied.

## FACTUAL ALLEGATIONS

17. Defendants are without sufficient information to either admit or deny the allegations of Paragraph 17 and therefore deny the same.

18. Defendants are without sufficient information to either admit or deny the allegations of Paragraph 18 and therefore deny the same.

19. Defendants are without sufficient information to either admit or deny the allegations of Paragraph 19 and therefore deny the same.

20. Defendants are without sufficient information to either admit or deny the allegations of Paragraph 20 and therefore deny the same.

21. Defendants are without sufficient information to either admit or deny the allegations of Paragraph 21 and therefore deny the same.

22. Defendants are without sufficient information to either admit or deny the allegations of Paragraph 22 and therefore deny the same.

23. Defendants are without sufficient information to either admit or deny the allegations of Paragraph 23 and therefore deny the same.

24. Defendants admit that Caputo and Guenther began working with United Benefits in 2015. Defendants deny the remaining allegations of Paragraph 24.

25. Defendants admit that United Benefits provided general training. Defendants deny the remaining allegations of Paragraph 25.

26. Defendants admit Caputo and Guenther had contact with national unions, local chapters, and union members during their time with United Benefits. Defendants are without sufficient information to admit or deny who was an existing customer of United Benefits when Caputo and Guenther began working with United Benefits and therefore deny the same.

27. Defendants admit that Caputo's and Guenther's titles were initially "federal benefit consultants." Defendants deny the remaining allegations of Paragraph 27.

28. Defendants admit that Caputo's and Guenther's titles were later "Regional Vice President." Defendants deny the remaining allegations of Paragraph 28.

29. Denied.

30. Defendants are without sufficient information to either admit or deny the allegations of Paragraph 30 and therefore deny the same.

31. Admitted.

32. Admitted.

33. Admitted.

34. Defendants state that the Agreement speaks for itself. To the extent the allegations in this Paragraph are inconsistent with the Agreement, Defendants deny the allegations of Paragraph 34.

35. Defendants state that the Agreement speaks for itself.

36. Defendants state that the Agreement speaks for itself. To the extent the allegations in this Paragraph are inconsistent with the Agreement, Defendants deny the allegations of Paragraph 36.

37. Defendants state that the Agreement speaks for itself. To the extent the allegations in this Paragraph are inconsistent with the Agreement, Defendants deny the allegations of Paragraph 37.

38. Denied.

39. Denied.

40. Defendants admit that Caputo and Guenther had and still have securities licenses. Defendants deny the remaining allegations of Paragraph 40.

41. Defendants admit that Whitten and Byers knew and approved of Caputo and Guenther providing services which required securities licenses. Defendants deny the remaining allegations of Paragraph 41.

42. Defendants are without sufficient information to either admit or deny the allegations of Paragraph 42 and therefore deny the same.

43. Defendants admit that Whitten and Byers had discussions with Caputo and Guenther about merging United Benefits's products with Caputo's and Guenther's financial planning services. Defendants are without sufficient information to either admit or deny the remaining allegations of Paragraph 43 and therefore deny the same.

44. Defendants admit that Calton & Associates was Caputo's and Guenther's broker-dealer. Defendants further admit that Caputo and Guenther formed GRANTvest in 2020, as the latest iteration of their ongoing financial planning business. Defendants are without sufficient information to either admit or deny the remaining allegations of Paragraph 44 and therefore deny the same.

45. Denied.

46. Denied.

47. Defendants admit that Whitten and Byers met with Caputo and Guenther in 2022. Defendants are without sufficient information to either admit or deny the remaining allegations of Paragraph 47 and therefore deny the same.

48. Denied.

49. Defendants admit that Caputo and Guenther provided Whitten and Byers a document with information regarding the assets GRANTvest had under management. Defendants deny the remaining allegations of Paragraph 49.

50. Defendants admit that the document contained information regarding the assets GRANTvest had under management. Defendants deny the remaining allegations of Paragraph 50.

51. Defendants admit GRANTvest filed a Form ADV with the Securities and Exchange Commission, which speaks for itself. Defendants deny the remaining allegations of Paragraph 51.

52. Defendants admit that GRANTvest earns fees from customer accounts. Defendants further state that the disclosures on the GRANTvest website speak for themselves. Defendants deny the remaining allegations of Paragraph 52.

53. Denied.

54. Denied.

55. Denied.

56. Defendants admit that United Benefits terminated Caputo and Guenther. Defendants deny that the date of termination was October 11, 2024.

57. Denied.

58. Denied.

59. Defendants deny that Caputo and Guenther took advantage of United Benefits's goodwill by representing themselves as agents of United Benefits or by selling GRANTvest products. Defendants are without sufficient information to

admit or deny the remaining allegations of Paragraph 59 and therefore deny the same.

60. Denied.

61. Defendants state that the language on the GRANTvest website speaks for itself.

62. Defendants state that the language on the GRANTvest website speaks for itself.

## COUNT I – BREACH OF CONTRACT
**(Against Caputo and Guenther)**

63. Defendants incorporate their responses to Paragraphs 1-62.

64. Denied.

65. Denied.

66. Denied, including all subparts.

67. Denied.

68. Denied.

69. Denied.

Defendants deny that Plaintiff is entitled to any of the relief sought in the unnumbered Paragraph following Paragraph 69. Defendants deny that Plaintiff is entitled to any relief whatsoever.

## COUNT II – BREACH OF FIDUCIARY DUTY
**(Against Caputo and Guenther)**

70. Defendants incorporate their responses to Paragraphs 1-62.

71. Denied.

72. Denied.

73. Denied, including all subparts.

74. Denied.

Defendants deny that Plaintiff is entitled to any of the relief sought in the unnumbered Paragraph following Paragraph 74. Defendants deny that Plaintiff is entitled to any relief whatsoever.

### COUNT III – UNJUST ENRICHMENT
**(Against Caputo, Guenther, and GRANTvest)**

75. Defendants incorporate their responses to Paragraphs 1-62.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

Defendants deny that Plaintiff is entitled to any of the relief sought in the unnumbered Paragraph following Paragraph 80. Defendants deny that Plaintiff is entitled to any relief whatsoever.

### COUNT IV – ALABAMA TRADE SECRETS ACT
**(Against Caputo, Guenther, and GRANTvest)**

81. Defendants incorporate their responses to Paragraphs 1-62.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

Defendants deny that Plaintiff is entitled to any of the relief sought in the unnumbered Paragraph following Paragraph 88. Defendants deny that Plaintiff is entitled to any relief whatsoever.

## **COUNT V – DEFEND TRADE SECRETS ACT**
**(Against Caputo, Guenther, and GRANTvest)**

89. Defendants incorporate their responses to Paragraphs 1-62.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

Defendants deny that Plaintiff is entitled to any of the relief sought in the unnumbered Paragraph following Paragraph 96. Defendants deny that Plaintiff is entitled to any relief whatsoever.

### COUNT VI – FRAUDULENT CONCEALMENT
**(Against Caputo and Guenther)**

97. Defendants incorporate their responses to Paragraphs 1-62.

98. Denied.

99. Denied.

100. Denied.

101. Denied, including all subparts.

102. Denied.

103. Denied.

Defendants deny that Plaintiff is entitled to any of the relief sought in the unnumbered Paragraph following Paragraph 103. Defendants deny that Plaintiff is entitled to any relief whatsoever.

### COUNT VII – INTENTIONAL INTERFERENCE WITH BUSINESS AND CONTRACTUAL RELATIONS
**(Against GRANTvest)**

104. Defendants incorporate their responses to Paragraphs 1-62.

105. Defendants are without sufficient information to admit or deny the allegations in Paragraph 105 and therefore deny the same.

106. Defendants are without sufficient information to admit or deny the allegations in Paragraph 106 and therefore deny the same.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

Defendants deny that Plaintiff is entitled to any of the relief sought in the unnumbered Paragraph following Paragraph 111. Defendants deny that Plaintiff is entitled to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred in whole or in part for failure to state any claim against Defendants upon which any relief may be granted, and failure to present any applicable claim or justification that would entitle Plaintiff to any award, judgment, recovery, specific performance, declaration, damages, or other relief of any kind in this matter.

2. To the extent Plaintiff has suffered any damages, such damages were caused by and are the responsibility of persons, parties, and/or entities other than Defendants, including Plaintiff's own conduct.

3. Plaintiff's claims are barred in whole or in part because Defendants have not breached any contract, agreement, or legal duty with Plaintiff.

4. Defendants did not owe any fiduciary duties to Plaintiff, nor did they breach any fiduciary duties to Plaintiff.

5. Any losses or damages are not the proximate result of any act or omission by Defendants, and Plaintiff has failed to mitigate any loss.

6. Plaintiff's claims are barred in whole or in part to the extent Plaintiff breached or otherwise failed to comply with its obligations under any statute, contract, or other agreement.

7. Plaintiff's claims are barred in whole or in part because Plaintiff was prohibited by law from receiving revenue from Defendants that Defendants earned from their financial planning services.

8. Defendants' actions were justified, were exercised in good faith, were consistent with reasonable business judgment or reasonable reliance, and cannot form the basis for any liability to Plaintiff and do not entitle Plaintiff to the relief requested in Plaintiff's Complaint.

9. Plaintiff's claims are barred in whole or in part by the applicable limitations period, statute of limitations, doctrines of repose, and/or laches.

10. Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, acquiescence, ratification, consent, estoppel, illegality, payment, accord and satisfaction, release, and/or waiver.

11. Plaintiff is not entitled to recover its alleged damages, if any, because such damages are uncertain, contingent, and/or speculative.

12. Defendants aver that an award of punitive damages in this case would serve no purpose for which punitive damages can be awarded and would be inconsistent with state and federal laws and Constitutional due process requirements.

13. This Court does not have personal jurisdiction over GRANTvest.

14. Defendants reserve the right to assert additional defenses as discovery progresses. To the extent any of the allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted September 24, 2025.

*/s/ Victor L. Hayslip*
Victor L. Hayslip
Benjamin B. Coulter
Molly M. Glisson

*Attorneys for Defendants Anthony Caputo, Gregory Guenther, and GRANTvest Financial Group, LLC*

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
vhayslip@burr.com
bcoulter@burr.com
mglisson@burr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 24th day of September, 2025:

Sam David Knight
Christopher B. Driver
Badham & Buck, LLC
2001 Park Place North, Ste. 500
Birmingham, Alabama 35203
sdknight@badhambuck.com
cdriver@badhambuck.com

*/s/ Victor L. Hayslip*
OF COUNSEL