FILED

2026 Apr-27  PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

**UNITED BENEFITS LLC,**

    **Plaintiff,**

**v.**

**ANTHONY CAPUTO,** *et al.***,**

    **Defendants.**

**Case No. 3:24-cv-1517-HDM**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendants Anthony Caputo and Gregory Guenther's Motion for Reconsideration, (doc. 66), which the court **DENIES** for the reasons set out below.

## BACKGROUND

Plaintiff United Benefits LLC commenced this action against Defendants Caputo, Guenther, and GRANTvest Financial Group LLC ("GRANTvest"). (Doc. 1). Before answering, Caputo and Guenther jointly filed a motion to dismiss, (doc. 9), and, more than four months later but before the court ruled on that motion, a standalone docket entry purporting to contain various counterclaims against United Benefits, including defamation, (doc. 31). The court subsequently denied Caputo and Guenther's motion to dismiss, (doc. 48), and they timely filed a formal answer

to United Benefits' Complaint, (doc. 49). Caputo and Guenther subsequently moved for summary judgment on their defamation counterclaim. (Doc. 53).

After Caputo and Guenther moved for summary judgment on their defamation counterclaim, but before the court ruled on the motion, United Benefits sought and obtained the court's leave to amend its Complaint. (Docs. 57–58).[1] United Benefits timely filed its Amended Complaint, (doc. 59), which Guenther, Caputo, and GRANTvest answered without any reference to or incorporation of Guenther and Caputo's counterclaims, (*see* doc. 62). After United Benefits filed its Amended Complaint and Caputo and Guenther answered without any reference to their earlier counterclaims, the court denied their motion for partial summary judgment on their defamation counterclaim as moot. (Doc. 65). Caputo and Guenther now ask the court to reconsider this order. (Doc. 66).

## ANALYSIS

"Motions for reconsideration are a disfavored, extraordinary remedy that should be employed sparingly." *Moeinpour v. Bd. of Trs. of Univ. of Ala.*, No. 2:21-cv-1302, 2025 WL 654553, at *2 (N.D. Ala. Feb. 28, 2025). *See also IBERIABANK v. Case Constr., LLC*, No. 15-0226-WS-B, 2015 WL 5457889, at *2 (S.D. Ala. Sept. 16, 2015) ("Motions to reconsider are disfavored in federal court and are granted only in narrowly circumscribed circumstances."). Indeed, the Eleventh Circuit has

---

[1] Caputo and Guenther did not oppose United Benefits' request to amend. (Doc. 57).

suggested that reconsideration is even less appropriate when—as here—a party asks a court to revisit an interlocutory order. *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1380 (11th Cir. 2024). A motion for reconsideration "must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a **strongly convincing nature** to induce the court to reverse its prior decision.'" *Hullett v. United States*, No. 2:12-cv-2831, 2015 WL 1487186, at *2 (N.D. Ala. Mar. 31, 2015) (quoting *Fid. & Deposit of Md. v. Am. Consertech, Inc.*, No. 6-338, 2008 WL 4080270, at *1 (S.D. Ala. Aug. 28, 2008)) (emphasis added). This court has recognized that only three "narrowly circumscribed circumstances" warrant reconsideration: (1) an intervening change of law, (2) the availability of new evidence, or (3) the need to "correct a clear error or manifest injustice." *Id.*

In their Motion, Caputo and Guenther do not suggest that any of these circumstances warrant the court's reconsideration of its order denying their motion for partial summary judgment as moot. (*See* doc. 66). Rather, their only asserted basis for reconsideration is that, although United Benefits amended its original Complaint, they—Caputo and Guenther—have not changed their counterclaims and their motion for summary judgment on one of those counterclaims should therefore remain before the court. *Id.*, ¶¶ 3, 4, 5, 6, 12.a. The court is not persuaded by this argument, which overlooks the fact that Caputo and Guenther have abandoned their

counterclaims by failing to reassert them in response to United Benefits' Amended

Complaint, thus mooting their motion for partial summary judgment.[2]

---

[2] The court also notes that there is substantial uncertainty whether Caputo and Guenther properly asserted their counterclaims in the first place. The Federal Rules of Civil Procedure mandate that a counterclaim may only be asserted in a "pleading," *see* Fed. R. Civ. P. 13(a)–(b), which, as relevant here, means either a complaint or an answer to a complaint, Fed. R. Civ. P. 7(a)(1)–(2). "Notably absent from Rule 7(a)'s list of recognized pleadings . . . is a counterclaim. **Indeed, it is well-recognized in this Circuit that a counterclaim cannot be independently asserted, but rather must be raised within a Rule 7(a) pleading**." *N.Y. Marine and Gen. Ins. Co. v. Boss Interior Contractors, Inc.*, No. 20-cv-23777, 2021 WL 327421, at *1 (S.D. Fla. Feb. 1, 2021) (emphasis added). *See also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (counterclaims "appear[] as part of the defendant's answer"); *LD Enters., LLC v. Burford*, No. 2:23-cv-22, 2023 WL 8505628, at *2 (N.D. Ala. June 22, 2023) ("[C]ounterclaims are not standalone pleadings. Federal Rule of Civil Procedure 7 sets out the pleadings allowed in federal court and does not list . . . counterclaims."); *ARI Fin. Grp., Inc. v. Schiffer*, No. 21-23216, 2021 U.S. Dist. LEXIS 223165, at *4 (S.D. Fla. Nov. 18, 2021); *Cieutat v. HPCSP Invs., LLC*, No. 20-0012, 2020 WL 4004806, at *2 (S.D. Ala. July 15, 2020). Accordingly, "[c]ourts in this Circuit routinely strike standalone counterclaims," *Blatt v. Goldner*, No. 23-24819, 2025 WL 2532614, at *24 (S.D. Fla. Aug. 20, 2025), *report and recommendation adopted,* No. 23-cv-24819, 2025 WL 2531830, at *1 (S.D. Fla. Sept. 3, 2025). *See also Car Fin. Servs., Inc. v. Lambert*, No. 18-303, 2019 U.S. Dist. LEXIS, at *3 (S.D. Ala. Mar. 26, 2019) (quoting *Federal Procedure, Lawyers Edition*, 27A Fed. Proc., L. Ed. § 62:201) ("[W]here a defendant has filed no answer to the complaint but has filed a document purporting to contain counterclaims, such counterclaims must be dismissed or stricken, since a counterclaim is not a pleading but must be stated in a pleading and therefore can be asserted only in the defendant's answer."). Indeed, the Middle District of Florida struck a standalone counterclaim when the defendant filed it and a motion to dismiss before an answer, *Optimal Logistics LLC v. AG Plus Express, LLC*, No. 618-cv-2224-Orl-41GJK, 2019 WL 13248329, at *2 (M.D. Fla. Oct. 21, 2019), which is essentially identical to this case.

After United Benefits filed its original Complaint, (doc. 1), Caputo and Guenther did not respond with a pleading recognized by Rule 7—which would have been the proper and exclusive mechanism for asserting their counterclaims—but, rather, with a motion to dismiss pursuant to Rule 12, (doc. 9). Before the court ruled on that motion, they filed their counterclaims as a standalone entry on the court's docket. (Doc. 31). After the court denied their motion to dismiss, (doc. 48), they filed an answer that wholly omitted any reference to counterclaims, (*see* doc. 49), just as their subsequent answer to the Amended Complaint did not reference any counterclaims, (*see* doc. 62). Thus, throughout the entire duration of this case, Caputo and Guenther have never asserted their counterclaims in a pleading recognized by Rule 7, but, for all the reasons discussed herein, even if they had, they abandoned such counterclaims.

It is axiomatic that "[a]n amended complaint supersedes and replaces the original complaint." *Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1319 (11th Cir. 2021). *See also Pintando v. Mia.-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam). "Accordingly, because an amended pleading supersedes the original pleading, where a defendant fails to reallege its previously asserted counterclaim in its amended pleading, the counterclaim is deemed to have been abandoned," *Stone Tech. (HK) Co., Ltd. v. GlobalGeeks, Inc.*, No. 20-cv-23251, 2021 WL 86776, at *4 (S.D. Fla. Jan. 11, 2021), and "[c]ourts throughout the Eleventh Circuit consistently hold the same," *Trasco Wellness, LLC v. Tampa Bay Spine & Sports Med., LLC*, No. 8:23-cv-2536, 2025 WL 1727264, at *2 (M.D. Fla. June 3, 2025), *report and recommendation adopted*, No. 8:23-cv-2536, 2025 WL 1725880 (M.D. Fla. June 20, 2025) (collecting cases). *See also Steadfast Ins. Co. v. Sec. Eng'rs, Inc.*, No. 2:14-cv-1124, 2015 WL 300412, at *1 (N.D. Ala. Jan. 22, 2015) ("Because [the plaintiff] filed an amended complaint and [the defendant] did not reassert its counterclaims in its answer to the amended complaint, [the defendant] abandoned the counterclaims . . . ."); *All. Laundry Sys. LLC v. Adams*, No. 3:23-cv-22130, 2025 WL 3733532, at *2 (N.D. Fla. Dec. 27, 2025) ("The amendment [to the original complaint] did necessitate an amended Answer, which in turn required [the defendants] to reassert their counterclaims or they would be deemed abandoned."); *Bahama Bay II Condo. Ass'n, Inc. v. United Nat'l Ins. Co.*, 374 F. Supp. 3d 1274,

5

1278 (M.D. Fla. 2019) ("[B]ecause Defendant never realleged its Counter-claim in its subsequent Answers, it has been abandoned."). Thus, even assuming Caputo and Guenther properly pleaded their counterclaims in the first place, they subsequently abandoned them by failing to reallege them when they answered the Amended Complaint.

Logically, if a defendant abandons a counterclaim by failing to reassert it in response to an amended complaint, *Steadfast Ins. Co.*, 2015 WL 300412, at *1, any dispositive motions directed at that counterclaim are rendered moot. *Southern-Owners Insurance Company v. MAC Contractors of Florida, LLC*, No. 2:18-cv-21-FtM-99MRM, 2019 WL 4888896 (M.D. Fla. Oct. 3, 2019), illustrates this point well in circumstances virtually identical to these. Plaintiff Southern-Owners Insurance Company ("Southern") sued Defendant MAC Contractors of Florida, LLC, ("MAC"), and then subsequently amended its complaint. *Id.* at *1. In its answer to the First Amended Complaint, MAC asserted a counterclaim. *Id.* After the court permitted Southern to amend its complaint a second time, MAC answered the Second Amended Complaint without reasserting its counterclaim. *Id.* When MAC moved for summary judgment on its own counterclaim that it asserted in response to the First Amended Complaint, the court denied the motion as moot "[b]ecause there is currently no operative counterclaim before the Court." *Id.*

As in *Southern-Owners*, courts across the Eleventh Circuit——including this one—likewise hold that a dispositive motion based on a superseded pleading should be denied as moot. *See, e.g.*, *James River Ins. Co. v. Ultratec Special Effects, Inc.*, No. 5:16-cv-949, 2016 10520952, at *1 (N.D. Ala. Oct. 28, 2016); *Steadfast Ins. Co.*, 2015 WL 300412, at *1; *Modulus-X Precision Machining Ltd. v. ModTruss, Inc.*, No. 1:24-cv-4377, 2025 WL 3255036, at *1 (N.D. Ga. June 17, 2025); *Clear Spring Prop. and Cas. Co. v. Astonbluwaves LLC*, No. 22-21854, 2023 WL 5337523, at *1 (S.D. Fla. July 28, 2023), *report and recommendation adopted*, No. 22-21854, 2023 WL 5337523 (S.D. Fla. Aug. 18, 2023); *Sisson v. Kadenzo Enters., Inc.*, No. 1:22-cv-3722, 2023 WL 10476016, at *2 (N.D. Ga. Apr. 13, 2023); *Intelligent Inv. Int'l LLC v. Fu*, No. 1:17-cv-5296, 2020 WL 11191447, at *3 (N.D. Ga. Oct. 19, 2020); *Bahama Bay II Condo. Ass'n, Inc.*, 374 F. Supp. 3d at 1278; *Pa. Nat'l Mut. Cas. Ins. Co. v. Snider*, 996 F. Supp. 2d 1173, 1180 n.8 (M.D. Ala. 2014), *aff'd*, 607 F. App'x 879 (11th Cir. 2015) (per curiam). Thus, as a matter of longstanding law in this circuit, even assuming they were properly pleaded in this case to begin with, Caputo and Guenther have abandoned their counterclaims by omitting them from their answer to the Amended Complaint and the court properly denied their motion for partial summary judgment on one of those counterclaims as moot. Caputo and Guenther have therefore not identified "facts or law of a strongly convincing nature," *Hullett*, 2015 WL 1487186, at *2, to warrant the "disfavored,

extraordinary remedy" of reconsideration, *Moeinpour*, 2025 WL 654553, at *2, and their request for reconsideration, (doc. 66), is **DENIED.**

**DONE** and **ORDERED** on April 27, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE